UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                     :

HUGH BROWN,

                    Plaintiff,

              - against -

THE CITY OF NEW YORK; POLICE
OFFICERS YLKA MORALES (tax no.
914384); ROBERT HINES (shield no. 5991);
ERIC FRANCIS (tax no. 933784);
UNDERCOVER POLICE OFFICERS "C00217"
AND "C00209"; and P.O. "JOHN DOES" nos.
1-4, individually and in their official capacities
(the names "John Doe" being fictitious, as the
true names are presently unknown),

                    Defendants.
----------------------------------------------------------- X

**MEMORANDUM DECISION
AND ORDER**

14 Civ. 5372 (BMC)

**COGAN**, District Judge.

Plaintiff brings this action under 42 U.S.C. § 1983, alleging that he was unlawfully arrested. He also alleges that his right to a fair trial was violated because the defendant police officers fabricated evidence, including arrest paperwork, which falsely accused plaintiff of facilitating a drug transaction. This information was forwarded to the district attorney, who charged plaintiff with criminal facilitation in the fourth degree, although the charge was later adjourned in contemplation of dismissal.

Defendants move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss plaintiff's claim for denial of the right to a fair trial based on fabrication of evidence.[1] Because there was no trial, and because no jury could have seen any of the purportedly fabricated evidence, plaintiff cannot demonstrate that the allegedly fabricated evidence led to a deprivation

---

[1] Defendants also moved to dismiss plaintiff's claim for unlawful search and seizure of electronic information from his cell phone. Plaintiff has withdrawn that claim.

of his rights. Therefore, defendants' motion is granted and plaintiff's fabrication of evidence claim is dismissed.

## BACKGROUND

Assuming the facts alleged in the amended complaint to be true, plaintiff was arrested, without explanation, by two of the defendant plainclothes police officers. Plaintiff alleges that two defendant officers "drafted sworn statements falsely alleging that plaintiff had provided material assistance to a narcotics transaction by providing a telephone number that was somehow used to facilitate said transaction." He continues that defendant Officer Morales "drafted arrest paperwork listing the basis of plaintiff's arrest as, in sum, acting in concert in the sale of narcotics, and charging plaintiff with the Felony of Criminal Sale of a Controlled Substance in the Third Degree." These statements were forwarded to the district attorney, who charged plaintiff with criminal facilitation in the fourth degree. Plaintiff appeared in court multiple times to defend himself against these allegations, and ten months after his arrest, the district attorney successfully moved to adjourn the case in contemplation of dismissal.

Plaintiff has brought claims for, *inter alia*, denial of the right to a fair trial based on fabrication of evidence.[2] He does not assert a separate claim for malicious prosecution.

## DISCUSSION

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, this Court "accept[s] as true the factual allegations in the complaint and draw[s] all inferences in the plaintiff's favor." Allaire Corp. v. Okumus, 433 F.3d 248, 249-50 (2d Cir. 2006) (internal citations omitted). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). In other words, a plaintiff

---

[2] The amended complaint refers to this claim as "Falsification of Evidence."

2

must "provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level." Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008) (internal quotation marks and citations omitted).

A plaintiff establishes a constitutional violation for denial of the right to a fair trial based on fabrication of evidence if he proves that "an (1) investigating official (2) fabricates evidence (3) that is likely to influence a jury's decision, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of liberty as a result."[3] Jovanovic v. City of New York, 486 Fed. Appx. 149, 152 (2d Cir. 2012); see also Ricciuti v. New York City Transit Auth., 124 F.3d 123, 130 (2d Cir. 1997) ("When a police officer creates false information likely to influence a jury's decision and forwards that information to prosecutors, he violates the accused's constitutional right to a fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983."). Therefore, in order to have a cognizable claim for denial of the right to a fair trial, a plaintiff must establish a causal connection between the fabricated evidence and his deprivation of liberty. See Zahrey v. Coffey, 221 F.3d 342, 348 (2d Cir. 2000) ("The manufacture of false evidence, in and of itself . . . does not impair anyone's liberty, and therefore does not impair anyone's constitutional right.") (internal quotation marks omitted); Morse v. Spitzer, No. 07 Civ. 4793, 2012 WL 3292963, at *3 (E.D.N.Y. Aug. 3, 2012) ("When a government official manufactures false evidence against an accused, and the use of that fabricated evidence results in the deprivation of the accused's liberty, the government official infringes the accused's constitutional right to a fair trial . . ..."). The existence of probable cause to arrest and prosecute is not a complete defense to a claim for denial of the right to a fair trial. See Ricciuti, 124 F.3d at 130 (rejecting defendants' argument

---

[3] A criminal defendant's right to a fair trial is grounded in the protections of the Fifth, Sixth and Fourteenth Amendments. See United States v. Ruiz, 536 U.S. 622, 628, 122 S.Ct. 2450, 2454-55 (2002) (recognizing and discussing the right to a fair trial); Holbrook v. Flynn, 475 U.S. 560, 567, 106 S.Ct. 1340, 1345 (1986) (same).

3

that as long as an arrest complies with the Fourth Amendment there can be no claim for post-arrest fabrication of evidence).

Defendants argue that plaintiff's fabrication of evidence claim should be dismissed for two reasons. First, defendants maintain that plaintiff has not offered any facts regarding the "form or substance" of the evidence he claims the defendant officers fabricated. Second, defendants assert that plaintiff's fabrication of evidence claim must be dismissed because any purportedly false statements constitute inadmissible hearsay that could not influence a jury's decision.

In Ricciuti v. New York City Transit Authority, the plaintiffs alleged that the defendant police officers denied their right to a fair trial by knowingly fabricating and distributing a false confession to prosecutors. The confession, among other evidence, caused the plaintiffs to be charged with felony assault in the second degree and aggravated harassment in the second degree, and resulted in their being detained for over 30 hours. All criminal charges against the plaintiffs were dismissed by a pre-trial court order. Despite the absence of a criminal trial, the Second Circuit held that the plaintiffs' denial of the right to a fair trial claim could proceed.

Some district courts, following Ricciuti, have allowed claims for deprivation of the right to a fair trial to go forward even where there has been no trial. See e.g., Reyes v. City of New York, 992 F.Supp.2d 290, 297-98 (S.D.N.Y. 2014); Keller v. Sobolewski, No. 10 Civ. 5198, 2012 WL 4863228, at *4 (E.D.N.Y. Oct. 12, 2012) (finding that plaintiff suffered harm resulting from the fabrication of evidence despite accepting an adjournment in contemplation of dismissal before trial); Douglas v. City of New York, 595 F.Supp.2d 333, 346-67 (S.D.N.Y. 2009). However, other district courts, without citing to Ricciuti, have held that where there has been no trial, there can be no claim for deprivation of the right to a fair trial. See e.g., Anaba v. Cnty. of

Suffolk, No. 11 Civ. 1987, 2014 WL 1411770, at *10 (E.D.N.Y. Apr. 11, 2014) ("Plaintiff also alleges that he was denied his right to a fair trial. Both logic and law dictate that '[s]uch a claim must be dismissed [where] there was no trial.'") (quoting Fudge v. The Phoenicia Times, No. 09 Civ. 0301, 2009 WL 2568576, at *6 (N.D.N.Y Aug. 19, 2009)); Widget v. Town of Poughkeepsie, No. 12 Civ. 3459, 2013 WL 1104273, at *9 (S.D.N.Y. Mar. 18, 2013) ("A § 1983 claim for denial of the right to a fair trial requires that a trial have actually been conducted."); Hope v. City of New York, No. 08 Civ. 5022, 2010 WL 331678, at *4 (E.D.N.Y. Jan. 22, 2010) ("Plaintiff's claim that he was denied a right to a 'fair trial' is similarly without merit. There was no trial.").

There does, indeed, seem to be a problem with the reasoning in Ricciuti. It is easy enough to see how a conviction based on false evidence can result in denial of the right to a fair trial, but it is hard to see how either an acquittal or, as here, a pre-trial dismissal of the charges could result in the denial of that right. At the very least, the "right to a fair trial" Ricciuti posits seems to be misnamed, for even given the existence of a right to a fair trial, it is not apparent how the right can be denied when there is no trial.

Ricciuti appears contrary to a valid syllogism, where the major premise is that there is a right to a fair trial; the minor premise is that the right to fair trial cannot be granted or denied without a trial; and the conclusion is that in the absence of a trial, there can be no denial of the right to a fair trial. It thus appears that the right described in Ricciuti is more akin to an "attempted" denial of the right to a fair trial. However, there is no recognized constitutional right in which a failed attempt to violate that right is actionable. It would be like a situation where one police officer says to another, "let's arrest this suspect," but the other police officer says, "no,

5

there's no evidence" and the suspect is not arrested. In that instance, there has of course been no violation of the right to be free from illegal arrest, despite the first officer's attempt to violate it.

Courts should be wary of attempts by creative litigants who cannot meet the requirements of recognized, common-law derived constitutional torts like false arrest or malicious prosecution to create new rights with labels that sound attractive but make little logical sense and have no common law antecedents.[4] Nevertheless, Ricciuti remains the law in this Circuit and I am bound to follow it; I therefore decline to concur with those district court decisions cited above which simply ignore it. However, in light of the concerns expressed above, I think it is appropriate to focus on the facts in Ricciuti, which are very different than plaintiff's allegations here. The allegedly fabricated evidence is Ricciuti was of the most potent kind – a confession by the defendant. That is evidence that would most certainly have been admissible at trial under the rules of evidence as an admission. Moreover, as the Second Circuit noted, such evidence was "almost certain to influence a jury's verdict." 124 F.3d at 130.

Here, by contrast, there was never a danger that the allegedly fabricated evidence would reach a jury. None of the allegedly false statements contained in the arrest paperwork, the criminal court complaint, or those told to the district attorney could have influenced a jury's verdict because they are all inadmissible hearsay. In order to conclude that a fair trial would be denied here, we would have to assume that the police officers would have repeated the allegedly false conclusions contained in their paperwork and in oral statements to the district attorney in

---

[4] Although there is some confusion in this Circuit whether fabrication of evidence allegations can serve as the foundation for claims for malicious prosecution, denial of the right to a fair trial, or both, see Morse, No. 07 Civ. 4793, 2012 WL 3202963, at *2-6 (analyzing and discussing the nature and availability of § 1983 claims for malicious prosecution and denial of the right to a fair trial), plaintiff's denial of the right to a fair trial claim is perhaps more appropriately pled as one for malicious prosecution. However, defendants correctly point out that plaintiff might be engaging in artful pleading. He appears aware that he cannot plead a claim for malicious prosecution because he consented to an adjournment in contemplation of dismissal. See Shain v. Ellison, 273 F.3d 56, 68 (2d Cir. 2001).

6

admissible form while on the witness stand. This requires a level of speculation that cannot support a constitutional tort.

For one thing, it assumes that all of the officers that plaintiff has sued here would have testified at trial. That is a remote possibility at best. The amended complaint alleges that only two officers arrested plaintiff – John Doe 1 and John Doe 2. Plaintiff's denial of a fair trial claim presumes that both John Doe officers would have testified falsely against him. Maybe they would have, but maybe they wouldn't have. Perhaps only one would have. That both would testify seems particularly unlikely because plaintiff also sued two undercover officers – CO209 and CO217 – who are charged with drafting false statements, from which I suppose we can infer that they observed the alleged transaction. Again, maybe one, both or neither would testify at trial. Then there is defendant Det. Morales, who is charged with nothing more than drafting the arrest paperwork based on what the other officers told him. I don't see how he would be allowed to testify at trial at all. Defendant Sgt. Francis, who plaintiff describes as the "supervising sergeant," has even less involvement and certainly could not testify.

Thus, to accept plaintiff's theory, a jury would have to find that plaintiff was injured by denial of a fair trial where the trial never happened and through false testimony of some officers who may not have testified and others who would certainly not have. To state a claim against an individual police officer, a plaintiff must show that each particular police officer has knowingly or with gross recklessness violated his rights – alleging a collective violation is insufficient. See Rasmussen v. City of New York, 766 F. Supp. 2d 399, 411 (E.D.N.Y. 2011) (a plaintiff "must assert her deliberate indifference claim … against specific, individual police officers for violating her due process rights").

Although it remains for case law to further define the contours of the claim for denial of the right to a fair trial, if it is to exist at all, it is clear that this case does not fall within any reasonable definition of that claim.

## CONCLUSION

Defendants' motion for partial dismissal is granted.

**SO ORDERED.**

_____<br>U.S.D.J.

Dated: Brooklyn, New York
       December 23, 2014